**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| CANDACE DENISE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-01642-LKG |
| v. | ) | |
| | ) | Dated:  April 22, 2024 |
| MARYLAND COALITION OF FAMILIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

### I.      INTRODUCTION

In this employment discrimination action, Plaintiff, Candace Denise Harris, alleges that Defendant, the Maryland Coalition of Families, Inc. ("MCF"), discriminated and retaliated against her by interfering with her request for medical leave and terminating her employment, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.  *See generally* ECF No. 3.  MCF has moved for summary judgment on Plaintiff's FMLA claims, pursuant to Fed. R. Civ. P. 56.  ECF No. 11.  This motion is fully briefed.  ECF Nos. 11, 14, 16.  No hearing is necessary to resolve the motion.  *See* L.R 106.5 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** MCF's motion for summary judgment and (2) **DISMISSES** the amended complaint.

### II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

#### A.      Factual Background

In this employment discrimination action, Plaintiff alleges that MCF discriminated and retaliated against her by interfering with her request for medical leave and terminating her employment, in violation of the FMLA.  *See generally* ECF No. 3.  Specifically, Plaintiff asserts

---

[1] The facts recited in this memorandum opinion are derived from the amended complaint; Defendant's motion for summary judgment and the memorandum in support thereof; and Plaintiff's response in opposition thereto.  ECF Nos. 3, 11, 11-1, and 14.

the following claims against MCF in the amended complaint: (1) FMLA discrimination (Count I) and (2) FMLA retaliation (Count II). *Id*. at 3, 5. As relief, Plaintiff seeks, among other things, to recover monetary damages from MCF. *Id*. at Prayer for Relief.

<u>The Parties</u>

MCF is a Maryland-based non-profit organization that advocates for and provides support to individuals with relatives experiencing behavioral health challenges. ECF No. 11-1 at 2; Def. App. A ¶ 4; ECF No. 3 ¶¶ 6, 8.

Plaintiff is a resident of Baltimore, Maryland. ECF No. 3 ¶ 8. Plaintiff was employed with MCF during the period from February 2019 to February 9, 2023. *See* ECF No. 11-1 at 2-3; Def. App. A ¶¶ 5-6.

<u>Plaintiff's Employment With MCF</u>

In February 2019, Plaintiff began employment with MCF as a family peer support specialist. ECF No. 11-1 at 2; Def. App. A ¶ 5; ECF No. 14-1 ¶ 2. In October 2020, Plaintiff became a team supervisor at MCF. ECF No. 11-1 at 2; Def. App. A ¶ 6; ECF No. 14-1 ¶ 2.

It is undisputed that Plaintiff suffered from mental health conditions during her employment with MCF. ECF 14 at 2; ECF No. 11-1. In this regard, Plaintiff alleges that she received monthly treatment by healthcare physicians to address her mental health conditions, which include depression and anxiety, during her employment with MCF. ECF No. 3. ¶ 14; ECF No. 14 at 2.

It is undisputed that, in July 2022, Plaintiff began to have work performance issues. ECF No. 11-1 at 2; Def. App. A ¶ 7. And so, MCF's management questioned "[Plaintiff's] ability to lead her team effectively and [to] execute the tasks of her role as team supervisor." ECF No. 11-1 at 2; *see* Def. Ex. 1; Def. App. A ¶ 7.

It is also undisputed that, on July 15, 2022, MCF issued a corrective action notice ("CAN") and a performance improvement plan ("PIP") to Plaintiff. ECF No. 11-1 at 2; *see* Def. Ex. 1; *see also* Def. App. A ¶ 8. MCF issued a second CAN and PIP to Plaintiff for ongoing performance issues and insubordinate behavior in November of 2022. ECF No. 11-1 at 2; ECF No. 11-2 at 10.

Plaintiff alleges that she completed the PIP associated with the November 2022 CAN and that, thereafter, she received positive feedback from her immediate supervisor, Mesha Newton, and MCF's human resource generalist, Nubia Lopez.  *Id.*  Plaintiff also alleges that she discussed her mental health conditions, and how they impacted her work, with Ms. Lopez in the fall of 2022.  ECF No. 14 at 2-3; Pl. Ex. 1 ¶ 5.  In this regard, Plaintiff further alleges that Ms. Lopez suggested that she use FMLA leave to address these mental health concerns during a conversation that occurred in December 2022.  ECF No. 14 at 3; Pl. Ex. 1 ¶ 6.

In January 2023, Plaintiff participated in biweekly leadership training classes.  ECF No. 14 at 3; Pl. Ex. 1 ¶ 8.  Plaintiff alleges that her enrollment and participation in these classes negates MCF's claims that she had deficient work performance prior to the termination of her employment.  *Id.*  But it is undisputed that MCF leadership discussed terminating Plaintiff's employment in January 2023.  ECF No. 11 at 2; ECF No. 14 at 3-4.

The parties disagree about whether MCF's reason for terminating Plaintiff's employment was due to her poor work performance.  *Id.*  But it is undisputed that on January 11, 2023, Ms. Lopez; MCF Executive Director Christina Green; MCF Chief of Programs Karen Duffy; and MCF Chief Financial Officer Swati Shah, participated in a phone call during which they decided to terminate Plaintiff's employment.  ECF No. 11-1 at 2; ECF No. 14 at 4-6.  Ms. Lopez states in her sworn Declaration that the decision to terminate Plaintiff's employment was "based upon unsatisfactory job performance and ineffective leadership of the team under her supervision. ECF No. 11-2 ¶10.

 Plaintiff contends, however, that neither Ms. Lopez nor Ms. Duffy "claimed that [she] was being fired for cause or bad performance."  ECF No. 14 at 5.  And so, Plaintiff also contends that there is a genuine dispute of material fact in this case about the reason for the termination of her employment.  *Id.*

It is nonetheless undisputed that on January 18, 2023, MCF Executive Director Christina Green sent an email regarding the decision to terminate Plaintiff's employment to MCF's human resource consultant, Jennifer Dorian.  ECF No. 11-1 at 2-3; ECF No. 11-2 at 12; *see also* ECF No. 11-2 ¶ 11.  MCF alleges that, shortly thereafter, Ms. Dorian scheduled a meeting with Plaintiff to discuss the termination.  ECF No. 11-1 at 2-3.  While this meeting was initially scheduled to be held on February 3, 2023, the meeting was rescheduled to February 10, 2023. *Id.* at 3; Def. App. A ¶ 12.  To that end, on February 7, 2023, Ms. Green sent an email to Ms.

Lopez, which included a script and outline for the February 10, 2023, meeting with Plaintiff. ECF No. 11-1 at 3; ECF No. 11-2 at 3, ¶13 and 14; ECF No. 14 at 4-6.

Plaintiff's FMLA Request And Termination

On February 9, 2023, Plaintiff submitted an FMLA leave request, along with an FMLA certification of healthcare provider for employee's serious health condition form.  ECF No. 3 ¶ 14; Def. App. A ¶ 15; ECF No. 14 at 3; Pl. Ex. 1 ¶ 9.  On the same day, Ms. Lopez sent Plaintiff a Microsoft Teams meeting request for the scheduled February 10, 2023, meeting.  ECF No. 11-1 at 3; ECF No. 11-2 ¶¶ 13-14; ECF No. 14 at 4-6.[2]

Plaintiff informed Ms. Lopez that she would not be able to attend the February 10, 2023, meeting.  ECF No. 11-1 at 3; ECF No. 11-2 ¶ 16.  Given this, Ms. Lopez met with Plaintiff on February 9, 2023, and informed Plaintiff of the decision to terminate her employment at that time.  *Id*.  And so, MCF terminated Plaintiff's employment on February 9, 2023.  *See generally id*.

Plaintiff alleges that MCF discriminated and retaliated against her for exercising, or attempting to exercise, her right to use FMLA leave by terminating her employment.  ECF No. 3 ¶¶ 15, 21.  Plaintiff also alleges that the MCF has deprived her of certain rights under the FMLA, resulting in "a loss of both physical and emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life."  *Id*. ¶¶ 16, 22. And so, Plaintiff seeks, among other things, to recover monetary damages from the MCF.  *Id*. at Prayer for Relief.

**B.  Procedural History**

Plaintiff commenced this civil action on June 20, 2022.  ECF No. 2-3.  On July 20, 2023, MCF filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, and a memorandum in support thereof.  ECF No. 11.

---

[2] Plaintiff alleges, without supporting evidence, that Ms. Lopez admitted that she originally intended to call Plaintiff to discuss her options for FMLA leave, but that she was later instructed to fire Plaintiff because Plaintiff submitted a FMLA leave request.  ECF No. 14 at 4.

On August 22, 2023, Plaintiff filed a response in opposition to MCF's motion.  ECF No. 14.  MCF filed a reply brief on September 5, 2023.  ECF No. 16.

MCF's motion for summary judgment having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.   Rule 56

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992).  But a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim.  *See Celotex Corp.*, 477 U.S. at 322-23.  Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Id.* at 323.  And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256.

In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment."  *Detrick v. Panalpina, Inc*., 108 F.3d 529, 536 (4th Cir. 1997).  And so,

there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B.  The Family And Medical Leave Act

The FMLA allows eligible employees to take "12 work weeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). In this regard, the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). And so, claims can be brought under the FMLA for either interference with an entitlement to FMLA leave, or retaliation for exercising the right to FMLA leave. 29 U.S.C. § 2615(a).

To prevail on an interference with FMLA leave claim, a Plaintiff must show: "(1) that [she] is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015) (citations omitted). In this regard, the United States Court of Appeals for the Fourth Circuit has also explained that "[t]he substantive rights guaranteed by the FMLA are prescriptive, and a plaintiff seeking redress for employer interference with an entitlement is only required to show that he or she qualified for the right that was denied." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (citing *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 546 (4th Cir. 2006)) (emphasis in original). The Fourth Circuit has cautioned, however, that requesting and taking FMLA leave "does not prevent 'an employer from terminating an employee for poor performance, misconduct, or insubordinate behavior.'" *Fry v. Rand Constr. Corp.*, 964 F.3d 239, 249 (4th Cir. 2020) (quoting *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 304-05 (4th Cir. 2016)). And so, the Fourth Circuit has also explained that "an employer does not interfere with the exercise of FMLA rights where it terminates an employee's employment based on the employer's honest belief that the employee is not taking FMLA for an approved purpose." *See Mercer v. Arc of Prince Georges Cnty., Inc.*, 532 Fed. App'x 392, 396 (4th Cir. 2013) (citing *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 68081 (7th Cir.1997)).

To prevail on a retaliation claim under the FMLA, a plaintiff must show that: "(1) [she]

engaged in protected activity; (2) the employer took adverse action against [her] and (3) the adverse action was causally connected to [her] protected activity." *Yashenko*, 446 F.3d at 551 (4th Cir. 2006) (citation omitted); *see also Sharif*, 841 F.3d at 203 (same). Because an FMLA retaliation claim is "proscriptive," "employer intent . . . is relevant." *Sharif*, 841 F.3d at 203. And so, "[i]ntent can be established either by direct evidence of retaliation or through the familiar burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-06 (1973)." *Id.*

In this regard, the Fourth Circuit has held that "[r]etaliation claims . . . require the employee to show that retaliation was a but-for cause of a challenged adverse employment action." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (internal quotation marks omitted). Given this, a claim of retaliatory discharge under the FMLA is analyzed under the same burden-shifting framework that applies to retaliatory discharge claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. *Adams*, 789 F.3d at 429 (citations omitted). The "Fourth Circuit has also explained that, 'for purposes of establishing a *prima facie* case, close temporal proximity between activity protected by the statute and an adverse employment action may suffice to demonstrate causation.'" *Clem v. Maryland*, 2022 WL 14912707, at *4 (D. Md. 2022) (quoting *Waag v. Sotera Def. Sol., Inc.*, 857 F.3d 179, 192 (4th Cir. 2017)).

If a FMLA plaintiff "puts forth sufficient evidence to establish a *prima facie* case of retaliation," the employer must offer a satisfactory "non-discriminatory explanation" for the adverse employment action. *See Yashenko,* 446 F.3d at 551 (citing *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 (4th Cir. 2001). "'In reviewing whether an employer's decision is unlawful, the Court's task is not 'to decide whether the reason [for terminating employment] was wise, fair, or even correct, ultimately, so long as it truly was the reason for [the decision].'" *Clem*, 2022 WL 14912707, at *5 (quoting *Mercer*, 532 Fed. App'x at 399 (brackets added and in original)). Given this, "[t]o meet its burden of offering a legitimate non-discriminatory reason for the plaintiff's termination, a defendant need only have had an honest belief that the alleged reason or misconduct occurred." *Id.* (quotation omitted). An FMLA plaintiff "bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation." *Yashenko*, 446 F.3d at 551 (internal quotation marks omitted); *Sharif*, 814 F.3d at 203. And so, "[a] plaintiff may satisfy this burden by showing either that the employer's explanation is not

credible, or that the employer's decision was more likely the result of retaliation." *Sharif*, 814 F.3d at 203 (citations omitted).

## IV.    ANALYSIS

MCF has moved for summary judgment on Plaintiff's FMLA discrimination and retaliation claims upon the grounds that: (1) the undisputed material facts show that Plaintiff cannot prevail on her FMLA interference claim, because the decision to terminate her employment preceded Plaintiff's FMLA leave request; and (2) the undisputed material facts also show Plaintiff cannot prevail on her FMLA retaliation claim, because no causal link exists between Plaintiff's FMLA leave request and the termination of her employment.  ECF No. 11-1 at 4, 6.  And so, MCF requests that the Court enter summary judgment in its favor and dismiss the amended complaint.  *Id*. at 1.

Plaintiff counters that MCF is not entitled to summary judgment on her FMLA claims, because: (1) there are material facts in dispute about the reason for MCF's decision to terminate her employment; (2) there are "unanswered questions" raised by the Declaration of Nubia Lopez regarding Plaintiff's completion of her performance improvement plans and certain conversations between Plaintiff and Ms. Lopez; and (3) a reasonable jury could find pretext on the part of MCF.  ECF No. 14 at 4-9.  And so, Plaintiff requests that the Court deny the MCF's motion for summary judgment.  *Id*. at 12.

For the reasons that follow, the undisputed material facts in this case demonstrate that MCF decided to terminate Plaintiff's employment before Plaintiff submitted her FMLA leave request on February 9, 2023.  Given this, Plaintiff can neither show that her FMLA leave request was the reason for her termination, nor that a causal link exists between this request and the termination of her employment, to prevail on her FMLA interference and retaliation claims.  And so, the Court: (1) GRANTS MCF's motion for summary judgment and (2) DISMISSES the amended complaint.

### A.    Plaintiff Cannot Prevail On Her FMLA Interference Claim

As an initial matter, the undisputed material facts in this matter show that Plaintiff cannot prevail on her FMLA interference claim because MCF decided to terminate Plaintiff's employment before she requested FMLA leave on February 9, 2023.  To prevail on her FMLA interference claim against MCF, Plaintiff must show: "(1) that [she] is entitled to an FMLA

benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015) (citations omitted). But the Fourth Circuit has cautioned that requesting and taking FMLA leave "does not prevent 'an employer from terminating an employee for poor performance, misconduct, or insubordinate behavior.'" *Fry v. Rand Constr. Corp.*, 964 F.3d 239, 249 (4th Cir. 2020) (quoting *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 304-05 (4th Cir. 2016)).

Courts have also held that an FMLA plaintiff cannot pursue an interference claim when the decision to terminate the plaintiff occurred before the plaintiff requested a right under the FMLA. *Atchison v. Sears*, 666 F. Supp. 2d 477, 489-90 (E.D. Pa. 2009). There is also no FMLA violation when an employe's termination would have occurred whether or not she requested FMLA leave. *See Wright v. Sw. Airlines Co.*, 2008 U.S. Dist. LEXIS 66659, at *13-14 (D. Md. Aug. 21, 2008).

That is precisely the circumstance presented in this case. It is undisputed that MCF leadership began discussing the termination of Plaintiff's employment in January 2023, approximately three weeks before she requested FMLA leave. ECF Nos. 11 at 2; ECF No. 14 at 3-4. In this regard, the undisputed material facts show that MCF management held a phone call, during which the organization decided to terminate Plaintiff's employment, on January 11, 2023. ECF No. 11-1 at 2;ECF No. 14 at 4-6. It is also undisputed that MCF's Executive Director, Christina Green, sent an email regarding the decision to terminate Plaintiff's employment to the organization's human resource consultant on January 18, 2023. ECF No. 11-1 at 2-3; ECF 11-2 at 12; *see also* ECF No. 11-2 ¶ 11. Given this evidence, the undisputed material facts in this case make clear that MCF decided to terminate Plaintiff's employment before she submitted a FMLA leave request on February 9, 2023.

The undisputed material facts illustrate that MCF would have terminated Plaintiff's employments whether or not she had requested FMLA leave. In her sworn Declaration, Ms. Lopez states that the decision to terminate Plaintiff' employment was "based upon unsatisfactory job performance and ineffective leadership of the team under her supervision." ECF No. 11-2 at 10. Plaintiff also acknowledges receiving two corrective action notices and performance improvement plans in 2022, prior to the termination of her employment. ECF No. 14. While Plaintiff may disagree with the reason proffered by MCF for terminating her employment, she advances no evidence to show that the reason for her termination was due to her request for

FMLA leave.  ECF No. 14.  Given this, Plaintiff cannot show that MCF interfered with her rights under the FMLA by later terminating her employment.  *See Wright*, 2008 U.S. Dist. LEXIS 66659 at *13-14.

Plaintiff's argument that summary judgment is not appropriate on her FMLA interference claim, because there is dispute of material fact regard the reason for her termination, is also not persuasive.  As discussed above, Ms. Lopez states in her sworn Declaration that the decision to terminate Plaintiff' employment was "based upon unsatisfactory job performance and ineffective leadership of the team under her supervision."  ECF No. 11-2 ¶ 10.  Plaintiff advances no evidence to show that this is merely pretext for FMLA discrimination.  ECF No. 14.  As this Court has held, summary judgement in favor of the employer is appropriate where, as is the case here, it has been demonstrated that the employer decided to terminate Plaintiff prior to her FMLA leave request due to work performance issues.  *Ahmarani v. Sieling & Jones, Inc.*, 211 F. Supp. 2d 658, 660-61 (D. Md. 2002) (granting summary judgment where Defendant decided to terminate Plaintiff prior to Plaintiff's request for leave due to poor communications skills and attitude).  And so, the Court GRANTS MCF's motion for summary judgement on Plaintiff's FMLA interference claim

### B.    Plaintiff Cannot Prevail On Her FMLA Retaliation Claim

For similar reasons, the undisputed material facts also show that Plaintiff cannot prevail on her FMLA retaliation claim.  To prevail on her FMLA retaliation claim, Plaintiff must show that: "(1) [she] engaged in protected activity; (2) the employer took adverse action against [her] and (3) the adverse action was causally connected to [her] protected activity."  *Yashenko*, 446 F.3d at 551 (4th Cir. 2006) (citation omitted); *see also Sharif*, 841 F.3d at 203 (same).  Plaintiff must also show that FMLA retaliation was the "but-for cause" of her termination.  *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (internal quotation marks omitted).  Plaintiff cannot make such as showing here.

The undisputed material facts show that Plaintiff engaged in FMLA protected activity when she submitted a FMLA leave request on February 9, 2023.  *See* ECF No. 3 ¶ 2; ECF No. 11-1 at 3.  It is also undisputed that Plaintiff was informed of her termination on the same day.  ECF Nos. 11-1 and 14. As Plaintiff correctly observes, there is close temporal proximity between Plaintiff's leave request and the date of the termination of her employment.  But, as discussed above, the undisputed material facts make clear that MCF decided to terminate Plaintiff's

employment approximately three weeks before she submitted an FMLA leave request. Because the unrebutted evidence shows that MCF's decision to terminate Plaintiff's employment pre-dated her FMLA protected activity, Plaintiff cannot show that FMLA retaliation was the "but-for cause" of the termination of her employment. For this reason, the Court also GRANTS MCF's motion for summary judgement on Plaintiff's FMLA retaliation claim.

## V.    CONCLUSION

In sum, the undisputed material facts in this case show that MCF decided to terminate Plaintiff's employment before Plaintiff submitted her FMLA leave request. Given this, Plaintiff can neither show that her FMLA leave request was the reason for her termination, nor that a causal link exists between this request and the termination of her employment, to prevail on her FMLA interference and retaliation claims. And so, for the foregoing reasons, the Court:

(1) **GRANTS** MCF's motion for summary judgment; and

(2) **DISMISSES** the amended complaint.

A separate Order shall issue.


**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge